UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DOT COM ENTERTAINMENT GROUP, INC.,           **DECISION**
                                                                        and
                          Plaintiff,                         **ORDER**
       v.

                                                                         04-CV-383A(F)
THE CYBERBINGO CORPORATION,
ESCAPE TECHNOLOGIES,
GONZALO GOMEZ and
JOSE PEREZ PARADES,

                          Defendants.
_____

APPEARANCES:          HODGSON RUSS, LLP
                             Attorneys for the Plaintiff
                             CATHERINE G. COOLEY, of Counsel
                             One M&T Plaza, Suite 2000
                             Buffalo, New York   14203

                             NIXON PEABODY LLP
                             Attorneys for the Defendants
                             SUSAN C. RONEY, ESQ.
                             40 Fountain Plaza,  Suite 500
                             Buffalo, New York   14202

                             MICHAEL JASON LEE, ESQ.
                             Attorney for the Defendants
                             15281 Normandie Ave
                             Irvine, California   92604

## JURISDICTION

On January 25, 2005 by order of Hon. Richard J. Arcara, the matter was referred to the undersigned for all pretrial proceedings.  The matter is presently before the court on Plaintiff's motion to compel filed November 18, 2005 (Doc. No. 24) ("Plaintiff's Motion").

## BACKGROUND and FACTS[1]

Plaintiff commenced this action alleging infringement of a patent owned by Plaintiff for the operation of bingo games via the Internet.  Defendant Escape Technologies is alleged to be an affiliate of Defendant Cyberbingo and supplier of software enabling Cyberbingo to infringe Plaintiff's patent; Defendant Gomez is alleged to be a controlling person of Cyberbingo and Defendant Parades is alleged to be a controlling person, as a director, of Defendant Escape.  Included in Defendants' answer is Defendants' affirmative defense that Plaintiff's patent is invalid based on obviousness and a counterclaim for a declaratory judgment upon the same ground.

Following oral argument on December 14, 2005 and several subsequent discovery status conferences, Plaintiff withdrew its motion except as to Interrogatories Nos. 8, 9 and 10 of Plaintiff's First Set of Interrogatories, dated June 26, 2005 ("the Interrogatories" or "Plaintiff's Interrogatories").  Interrogatory No. 8 asked Defendants to "[i]dentify person(s)," including Defendants' employees, as defined, "with the most knowledge or information concerning any prior art which defendants contend anticipates, makes obvious, renders unenforceable, or invalidates" Plaintiff's patent.  Interrogatory No. 9 requests Defendants to "[s]tate all facts upon which defendants base their allegation" that Plaintiff's patent is invalid, "and identify all documents relating thereto."  Interrogatory No. 10 requests Defendant to "[i]dentify every item of prior art that defendants contend supports their contention" that Plaintiff's patent is void.

For their answers to the Interrogatories, dated October 28, 2005, Defendants

---

[1] Taken from the pleadings and papers filed in this action.

objected based, *inter alia*, on grounds of vagueness and overbreadth, that the Interrogatories were premature, and that Defendants would respond to each interrogatory "at an appropriate time." Exhibit J to Plaintiff's Motion at 7-8. Specifically, Defendants maintain that the Interrogatories are contention interrogatories and as such should only be answered following a "substantial amount of discovery." Defendants' Memorandum of Law, filed December 6, 2005 (Doc. No. 31) at 5-6 (citing cases). Defendants' position fails for two reasons.

First, none of the Interrogatories are contention interrogatories. A contention interrogatory is one where "an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact . . .." Fed.R.Civ.P. 33(c) ("Rule 33(c)"). Steven Baicker-McKee, William M. Janssen, and John B. Corr, FEDERAL CIVIL RULES HANDBOOK, (2006 Thomson West) at 698 (noting availability of contention interrogatories pursuant to Fed.R.Civ.P. 33(c) and citing cases). As is apparent from a plain reading of Plaintiff's Interrogatories, none, contrary to Defendants' assertion, request Defendants to provide "an opinion or contention that relates to fact or the application of law to fact." Rule 33(c) (underlining added). Specifically, Interrogatory No. 8 seeks the identity of persons with the knowledge that supports Defendants' invalidity defense based on prior art. Plaintiff's Interrogatory No. 9 requests Defendants state the facts which support Defendants' invalidity defense. Similarly, Interrogatory No. 10 demands Defendants particularize, *i.e.,* "identify," the prior art upon which Defendants' prior art defense is predicated.

As such, none of the Interrogatories "involve[ ] an opinion or contention that relates to fact or the application of law to fact." Rather each interrogatory requires

Defendants provide the factual basis for Defendants' invalidity defense and related counterclaim, because of prior art as alleged in Defendants' answer.  Significantly, the Interrogatories do not ask Defendants to explain why or how, as a matter of opinion or otherwise, such prior art establishes the invalidity of Plaintiff's patent, nor do the Interrogatories require Defendants to advance legal argument in support of their defense or counterclaim;[2] rather, the Interrogatories simply require Defendants disclose the evidentiary basis upon which such a determination may be made at trial, presumably, with the assistance of expert opinion and legal argument based on such facts.

     As relevant to this case, Fed.R.Civ.P. 26(a)(1) requires disclosure of the name and address of persons who have discoverable evidence which "the disclosing party may use to support its . . . defenses."  Fed.R.Civ.P. 26(a)(1)(A).  Thus, as to Interrogatory No. 8, the request for the identity of persons having knowledge of the basis for Defendants' prior art defense is essentially duplicative of information required to be disclosed, pursuant to Rule 26(a)(1)(A), without resort to formal discovery.  How such requested information is thus transmuted into an interrogatory the response to which may be described as a contention, as Defendants maintain, is not explained by Defendants.  Similarly, requesting that Defendants reveal at an early point the factual underpinnings for a patent invalidity defense, particularly relating to the alleged existence of prior art, upon which Defendants intend to rely, does not prematurely "chain" Defendants to the reasoning by which Defendants conclude, or will later

---

[2] A contention is defined as "a point advanced or maintained in a[n] . . . argument."  Webster's Third New International Dictionary (unabridged) at 492.

contend, Plaintiff's patent should be found to be invalid. *See United States ex rel. Tyson v. Amerigroup Illinois, Inc.*, 230 F.R.D. 538, 541 (N.D. Ill. 2005) (answers to contention interrogatories may be altered as discovery progresses) (citing cases).

Thus, Interrogatories Nos. 8, 9, and 10 straightforwardly seek the basis for Defendants' prior art defense and, as such, do not involve the application of law to facts. They do not require Defendants to state a legal argument in support of the defense or Defendants' related counterclaim. If, as required by Fed.R.Civ.P. 11(b)(2), (3), Defendants have a good faith belief that such a defense will ultimately be viable, the "prior art" upon which the defense is grounded must reasonably be known to Defendants so as to enable Defendants to specify such prior art at this time. The same is true for Defendants' counterclaim seeking an invalidity declaration.

To an extent, preparing an answer to any interrogatory seeking to disclose the factual basis of a claim or defense will employ a degree of legal analysis and reasoning by the answering party; however, by this logic all interrogatories may be considered as contention interrogatories justifying deferral of responses, a result that would defeat the objective of liberal pretrial discovery in federal civil cases. Thus, even if a modicum of reasoning and judgment based on facts may be needed to formulate answers to Plaintiff's Interrogatories, that does not warrant their treatment as contention interrogatories justifying deferred answers pursuant to Rule 33(c). Defendants' papers do not present a persuasive reason to conclude otherwise in this case.

Second, even if Plaintiff's Interrogatories are treated as contention interrogatories, they should be answered at this time. While contention interrogatories are often deferred in patent cases, *Brown v. United States*, 179 F.R.D. 101, 105

(W.D.N.Y. 1998) (citing cases), yet contention interrogatories seeking the bases for Defendants' prior art and obviousness defenses are enforced, even at an early stage in such cases. *See Graham v. John Deere Co.,* 383 U.S. 1, 17 (1966) (in patent infringement action the "scope and content" of prior art is relevant to defendant's "obviousness" defense); *Braun Medical, Inc. v. Abbott Laboratories*, 155 F.R.D. 525, 527 (E.D. Pa. 1994) (as plaintiff's interrogatories concerning prior art were designed to clarify issues and narrow scope of dispute in patent infringement action, defendant's responses would not be deferred even if such interrogatories sought defendant's contentions). Here, Defendants defend on the basis that Plaintiff's patent is invalid because of prior art and obviousness, Amended Answer ¶ 35, and requested declaratory relief to that effect. *Id*. ¶ 54. As such, Defendants are expected to have, even at an early stage, some good faith basis in fact and law for such claim and defense. *See* Fed.R.Civ.P. 11(b)(2), (3). Accordingly, Plaintiff's Interrogatories which primarily seek the basis for the defense and related counterclaim, even if they are assumed to constitute contention interrogatories, should be answered at this time.

## CONCLUSION

Plaintiff's motion to compel answers to Plaintiff's Interrogatories is GRANTED. Defendants' answers shall be served <u>not later than 10 days</u> following service of this Decision and Order. As Plaintiff, at oral argument, withdrew its request for sanctions pursuant to Fed.R.Civ.P. 37 (a)(4), none are awarded.

SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: March 22, 2006
 Buffalo, New York